**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| MAURICE POLK,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>Defendant. | CV 12-2568-SH<br><br>MEMORANDUM DECISION AND ORDER |

This matter is before the Court for review of the Decision of the Commissioner of Social Security denying the plaintiff's application for Supplemental Social Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and defendant have filed their pleadings (Plaintiff's Opening Brief ["Plaintiff's Opening"; Defendant's Brief in Opposition to

Plaintiff's Complaint ["Defendant's Brief"]; Plaintiff's Reply: Memorandum of Points and Authorities ["Plaintiff's Reply"]), and the defendant has filed the Certified Administrative Record [AR]. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be reversed and the matter remanded for an award of benefits.

## I. PROCEEDINGS

On July 25, 2005, Plaintiff filed for SSI payments, alleging disability as of June 15, 2003.[1] Plaintiff's application was denied. (AR at 82-89). Plaintiff filed a written request for a hearing, and on June 2, 2010, Plaintiff appeared and testified before an Administrative Law Judge ("ALJ"). (AR 23, 41-75) The ALJ agreed that plaintiff did not engage in substantial gainful activity after The Application date. The ALJ issued an unfavorable decision on December 21, 2010. (AR at 20). The Appeals Council denied review of the ALJ's decision on February 7, 2012, (AR at 1), making the ALJ's decision the final decision of the Commissioner of Social Security.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but "less than a preponderance." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). This Court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may

[1] However, SSI income is not payable for the periods prior to the Application being filed.

exist which supports plaintiff's claim. *See Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir. 1973), *cert. denied*, *Torske v. Weinberger*, 417 U.S. 933 (1974); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. *Green v. Heckeler*, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the Commissioner where evidence is susceptible of more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). When an ALJ denies benefits without a sufficient basis, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The court may exercise its discretion and direct an award of benefits when the record has been fully developed and further administrative proceedings would serve no useful purpose. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

## III. DISCUSSION

A person is "disabled" for purposes of receiving benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The plaintiff has the burden of establishing a prima facie case of disability. *Drouin v. Sullivan*, 996 F.2d 1255, 1257 (9th Cir. 1992), *citing Gallant v. Heckler*, 753 F.2d at 1452.

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. At issue here is Step Three, which determines whether a person has a severe impairment which meets or equals one of a number of

"listed impairments." If the impairment meets or equals a listed impairment, the person is conclusively presumed to be disabled. 20 C.F.R § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2290-91, 96 L.Ed.2d 119 (1987).

**Substantial Evidence Does Not Support The ALJ's Decision To Reject The Treating Physician's Opinion That Plaintiff's Mental Condition Qualified As A Listed Impairment**.

A treating physician's opinion is entitled to greater weight than that of an examining physician. *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), *citing Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). A "treating physician," is a doctor who maintains an ongoing treatment relationship with his or her patient. 20 C.F.R. § 404.1502. A "nontreating source" is an acceptable medical practitioner who has examined a person for purposes of determining his or her disability benefits. *Id.* The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R § 416.927. Evidence that a claimant's medical condition is stable does not necessarily mean that a claimant can work or that her medical condition has improved. *Kohler v. Astrue*, 546 F.3d 260, 268 (2d Cir. 2008). The ALJ may reject the opinion of a claimant's treating physician in favor of a conflicting opinion from an examining physician, if the ALJ sets forth "specific and legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002), *quoting Magallenes* 881 F.2d at 751.

Dr. Ronnie Cummings served as Plaintiff's treating physician and concluded that Plaintiff qualified for disability under a listed impairment. From 2008 to 2010, Dr. Cummings maintained an ongoing treatment relationship with Plaintiff through the West Central Mental Health Center, personally assessing Plaintiff's condition on at least ten

occasions. (See AR at 49, 268-280, 347-48). On April 14, 2010, Dr. Ronnie Cummings completed a Mental Residual Functional Capacity Questionnaire (RFC), in which was detailed a long list of Plaintiff's marked limitations due to psychosis and depression, including "the ability to complete a normal work-day and work-week, without interruptions from psychologically based symptoms…" (AR at 210-15; Plaintiff's Brief at 6-7). Importantly, Dr. Cummings indicated that Plaintiff's mental condition met the second provision of Paragraph "C" of listed impairment 12.04 for Affective Disorders. (*See* AR at 215; 20 C.F.R § Part 404, Subpart P, Appendix 1 § 12.00(A)). This finding, standing alone, renders Plaintiff disabled under Listing 12.04. *See id.*

Contrary to the assertions of the ALJ, Dr. Cummings' own clinical observations from West Coast substantiate his finding that Plaintiff had a disabling mental disorder. During his numerous consultations with Plaintiff, Dr. Cummings continually listed paranoia, anxiety, and insomnia among Plaintiff's "target symptoms/emergent issues/client goals." (AR at 268-280). Although Dr. Cummings' notes from West Coast do show that Plaintiff was stable in response to medication during two examinations in 2010, (AR at 270, 272), Dr. Cummings also documented in 2009 and 2010 that Plaintiff still felt paranoia and anxiety in response to treatment. (AR at 275-76, 347). Additionally, even if Plaintiff reacted positively to medication, or was able to cope with some social stressors at times, (AR at 27, 274), the conclusion does not necessarily follow that Plaintiff's mental condition had improved to the extent that Plaintiff could function in the workplace. In fact, as discussed in *Kohler*, 546 F.3d at 268, a stable reaction to medication could indicate that Plaintiff continued to operate at a low functional level. Therefore, Dr. Cummings' notes during the course of Plaintiff's treatment support his conclusion that Plaintiff was disabled. The ALJ erred when it found that Dr. Cummings' opinion was not supported by his own clinical findings from West Coast. (AR at 27).

A consultative examination performed by Dr. Roger A. Izzi controverts Dr.

Cummings' RFC assessment. Dr. Cummings' RFC assessment notes that Plaintiff qualified under Paragraph "C" of Listing 12.04 because Plaintiff had "a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate." (AR at 215). In contrast to Dr. Cummings' RFC, Dr. Izzi's August, 2009 psychological examination states, "On a purely psychological basis, [Plaintiff] appears capable of dealing with changes in a routine work setting." (AR at 192). In view of these two statements, Dr. Izzi and Dr. Cummings clearly disagree over whether Plaintiff could mentally handle and respond to changing demands in the workplace. Consequently, the two opinions reach different conclusions about whether Plaintiff satisfied a listed impairment and is in fact disabled.

The ALJ failed to set forth specific and legitimate reasons based on substantial evidence for rejecting treating physician Dr. Cummings' opinion in favor of Dr. Izzi's evaluation. Aside from noting that Dr. Cummings' West Central clinical notes are incompatible with Dr. Cummings' RFC, a conclusion rejected by this Court, the ALJ did not provide any other basis for discounting Dr. Cummings' opinion. (*See* AR at 23-29). The Court notes that Dr. Izzi only met with Plaintiff once and that he specifically indicated in his assessment that he lacked access to Plaintiff's medical records. (AR at 190). Without access to Plaintiff's medical records, Dr. Izzi ostensibly lacked context and a framework with which to assess Plaintiff's mental condition. Therefore, although the ALJ was entitled to reject the opinion of treating physician Dr. Cummings, the ALJ failed to set forth sufficient grounds for doing so.

## IV. CONCLUSION

Here, no useful purpose would be served by another hearing, as it is clear that Plaintiff is disabled. Dr. Cummings served as Plaintiff's treating physician and made

explicit findings that indicated Plaintiff qualified for disability under listed impairment 12.04, at least as of 2010, if not earlier. Furthermore, Dr. Cummings' opinion was supported by two years of his own clinical observations. The ALJ failed to identify specific and legitimate reasons based on substantial evidence for rejecting treating physician Dr. Cummings' opinion in favor of a non-treating physician.

## V. ORDER

For the foregoing reasons, the Decision of the Commissioner is reversed and the matter remanded for the ALJ to determine the onset date of plaintiff's mental disability, and calculation of benefits.

DATED: January 22, 2013

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE